IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HECTOR A. VARGAS-RODRIGUEZ

Plaintiff

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al

Defendants

CIVIL NO. 08-1970 (SEC)

**Opinion and Order**

Before this Court is Co-defendants United States of America, U.S. Customs and Border Protection, and Department of Homeland Security's (collectively "Federal Defendants") Motion to Dismiss (Docket # 5), Federal Defendants' Motion to Quash Service (Docket # 8), and Plaintiff's Response in Opposition (Docket # 9) thereto. After reviewing the filings and the applicable law, the Federal Defendants' motion to dismiss will be **DENIED**, and their Motion to Quash Service shall be **GRANTED**.

Federal Defendants pray that this suit be dismissed for failure to effect proper service on the Attorney General of the United States, in accordance with FED. R. CIV. P. 4(i). See Docket # 5 at 2. After the motion to dismiss was filed on 11/18/2008, Plaintiff was still within the 120 days permitted by FED. R. CIV. P. 4(m). As such, this Court ordered plaintiff to show proof of service on the Attorney General by December 5, 2008. Plaintiff partially complied with this order, filing proof of service on the Department of Justice on December 5, 2009. See Docket # 6 & 6-2. The service was mailed to the Attorney General, and a confirmation receipt from the Attorney General was returned to Plaintiff. However, the service is on its face deficient, because

08-1970 (SEC)

it serves the Department of Justice, and not the Attorney General, as is plainly obvious from a cursory review of the summons. See Docket ## 6-2 & 8-1.

Due to this deficiency, Federal Defendants' moved to quash the service. Moreover, they assert that the case should be dismissed on grounds of ineffective service for failure to comply with FED. R. CIV. P. 4(i). Fed. R. Civ. P. 4(i)(2)(B) requires anyone suing an agency or corporation of the United States to serve both the United States and the agency in question. The rule requires that "[s]ervice upon the first should be done pursuant to FED. R. CIV. P. 4(I), which in its relevant part requires that service be effected by: (1) delivering copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought . . ., and (2) by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States." Solis-Alarcon v. United States, 432 F. Supp. 2d 236, 245 (D.P.R. 2006).

A suit may undoubtedly be dismissed for failure to serve process on the Attorney General. Id.; see also Smith v. Rossotte, 250 F. Supp. 23 1266, 1269 (D.Ore. 2007). Therefore, if service is not effected within 120 days, this Court shall dismiss the cause of action, unless good cause is shown. See, e.g., Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 822 (1st Cir. P.R. 1987); Tracy v. United States, 243 F.R.D. 662, 666 (D. Nev. 2007). However, even belated service on the Attorney General can in certain circumstances cure deficiencies, even the absence of prior notification. Solis-Alarcon, 432 F. Supp. 2d at 245. Furthermore, failure to serve according to FED. R. CIV. P. 4(I) should not lead to dismissal when:

> (1) the necessary governmental parties have actual notice of the suit; (2) the government has suffered no prejudice from the defect in service; (3) there is a justifiable excuse for the failure to make proper service; and (4) the plaintiff would be severely prejudiced by a dismissal of the complaint.

08-1970 (SEC)

<u>Gargano v. IRS</u>, 207 F.R.D. 22, 23 (D. Mass. 2002)(referencing Wright & Miller, Federal Practice and Procedure: Civil 3d § 1106, 14 n.12.).

    Here the defective service of process is against the Attorney General, but there is no dispute as per Plaintiff having served the United States Attorney. FED. R. CIV. P. 4(i)(4) directs this Court to grant a party reasonable time to cure failures to serve under FED. R. CIV. P. 4(i)(2) if either the Attorney General or United States Attorney has been properly served.[1] Furthermore, because the rules for multiple service on the United States of America, and its agencies, are complicated, the Advisory Committee intended for this rule to be interpreted jointly with FED. R. CIV. P. 15(c) "to preclude the loss of substantive rights against the United States or its agencies, corporations, or officers resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served."

    Fed. R. Civ. P. 15(c)(C) states that an amendment to a pleading relates back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Likewise, an amendment relates back against the United States if timely process is served upon "United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." FED. R. CIV. P. 15(c)(2). In the present action,

---

[1] Moreover, when reviewing the year 2000 amendments to this rule the Notes of Advisory Committee assert that: "An additional change ensures that if the United States or United States attorney is served in an action governed by paragraph 2(A), additional time is to be allowed even though no officer, employee, agency, or corporation of the United States was served."

08-1970 (SEC)

Plaintiff's failure to properly serve the Attorney General is a technical defect, and does not warrant dismissal. <u>Zankel v. United States</u>, 921 F.2d 432, 436 (2d Cir. 1990). Furthermore, he served the United States Attorney and the agency within the period required by law. Therefore, once Plaintiff's defective summons is corrected and properly served upon the Attorney General, it will be held as timely.

As such, Defendants' Motion to Quash Service (Docket # 8) is **GRANTED**, and Defendant's Motion to Dismiss is temporarily **DENIED**. Plaintiff is **ORDERED** to serve the Attorney General and submit evidence of compliance thereof within **15 days**. Failure to comply with this **ORDER** shall result in dismissal. The Clerk of the Court shall issue a summons for service upon the Attorney General in accordance with the terms of this Order.

**IT IS SO ORDERED**.
San Juan, Puerto Rico, this 27th day of February, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge